**Yolanda Michelle HANANIYA, Plaintiff,**

v.

**CITY OF MEMPHIS, Defendant.**

**No. 02–2793–D/BRE.**

United States District Court, W.D. Tennessee, Western Division.

March 24, 2003.

608

Yolanda Michelle Hananiya, Memphis, for Yolanda Michelle Hananiya, plaintiff.

Mary Helen Beard, Ford & Harrison, LLP, Louis P. Britt, III, Esq., Ford & Harrison, Memphis, for City of Memphis Police Department, defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

DONALD, District Judge.

This matter is before the Court on Defendant City of Memphis' motion to dismiss Plaintiff Yolanda Michelle Hananiya ("Plaintiff")'s hostile work environment claim brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Defendant alleges that it is entitled to judgment as a matter of law pursuant to Fed.R.Civ.P. 12(b)(6) because Plaintiff failed to file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). This Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the following reasons, the Court **DENIES** Defendant's motion.

## I. Factual Background and Procedural History

Plaintiff worked as a dispatcher for the Memphis Police Department ("MPD") from April 1, 1996, until December 19, 2001. Attachment to Compl. ¶¶ 9, 12. Plaintiff alleges in her complaint that she was subject to a hostile work environment from December 1996 through July 1998[1] because Plaintiff's supervisor, Mr. Carlton Williams, made sexually explicit comments to Plaintiff about Plaintiff's body and those of other female employees; forced Plaintiff to have oral sex with him in the office; and subsequently harassed her with sexually suggestive telephone calls. *Id.* at ¶ 9. Plaintiff reported this conduct to a supervisor on August 9, 1998, and was told not to file an EEOC Charge of Discrimination until the MPD completed their internal investigation. *Id.* Over nine months later, in June 1999, the MPD concluded its investigation. On August 18, 1999, Plaintiff filed an EEOC Charge of Discrimination (# 250991281). The EEOC issued Plaintiff a Dismissal and Notice of Right to Sue on April 7, 2000.

Sometime after Plaintiff notified the MPD of Williams' conduct, Williams was moved from the office building where Plaintiff worked ("201 Poplar office") to another location. Compl. ¶ 10. At some point on or before January 5, 2000, the MPD moved Williams back to the 201 Poplar office. *Id.* Plaintiff encountered Williams upon arriving at work on January 5, 2000, and every day afterwards, which added to Plaintiff's "mental and emotional problems." *Id.;* Attachment to Compl. ¶ 9. Plaintiff also contends that "several minor incidents of harassment" occurred after Williams returned to the 201 Poplar office. Mem. In Supp. of Pl.'s Opp. at 8. On December 19, 2001, Plaintiff was or-dered to stop working by her psychiatrist due to Plaintiff's inability to cope with her working environment. Attachment to Compl. ¶ 9. On March 15, 2002, Plaintiff filed a second EEOC Charge of Discrimination (# 250A200651), alleging a continuing hostile work environment. The EEOC issued a Dismissal and Notice of Right to Sue on July 30, 2002, and Plaintiff filed her complaint on October 21, 2002.

## II. Motion to Dismiss Standard

■ A party may move to dismiss a complaint for failure to state a claim upon which relief may be granted under Fed. R.Civ.P. 12(b)(6). The purpose of a motion to dismiss under Fed.R. Civ. P. 12(b)(6) is to test the formal sufficiency of the claim, not to resolve the facts or merits of the case. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). A claim should not be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Thus, the standard to be applied when evaluating a motion to dismiss for failure to state a claim is very liberal in favor of the party opposing the motion. *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir.1976). Even if the plaintiff's chances of success are remote or unlikely, a motion to dismiss should be denied. *Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683.

■ In reviewing the complaint, the court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683; *Windsor v. The Tennessean,* 719 F.2d 155,

---

1. Although Plaintiff's complaint states that this conduct ended in July 1998, Plaintiff's Charge of Discrimination states that these ac-tions continued until mid-September 1998. In resolving the instant motion, however, the Court need not resolve this discrepancy.

158 (6th Cir.1983), *cert. denied,* 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984). Legal conclusions or unwarranted factual inferences, however, should not be accepted as true. *Lewis v. ACB Business Servs., Inc.,* 135 F.3d 389, 405–06 (6th Cir.1998).

## III. *Analysis*

A party bringing a Title VII claim in Tennessee must file a Charge of Discrimination with the EEOC within 300 days of the employment practice giving rise to the claim. *See Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S.Ct. 2061, 2070, 153 L.Ed.2d 106 (2002) (citing 42 U.S.C. § 2000e–5(e)(1)). In a hostile work environment claim, however, the " 'unlawful employment practice' [ ] cannot be said to occur on any particular day. It occurs over a series of days or perhaps years.... Such claims are based on the cumulative affect of individual acts." *Id.* at 2073. As a result, the temporal relationship between the filing deadline and the acts giving rise to the claim is somewhat fluid:

> It does not matter, for purposes of [Title VII], that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.

*Id.* at 2074.

■ Defendant alleges that its motion to dismiss should be granted because Plaintiff's second EEOC Charge was filed "over two years after the last alleged discriminatory act. Plaintiff has, thus, failed to timely file her EEOC charge within the mandated time period." Mem. In Supp. of Def.'s Mot. To Dismiss at 5. The Court disagrees. Plaintiff's EEOC Charge alleges a continuous hostile work environment culminating on December 19, 2001, not an isolated instance of discrimination occurring on January 5, 2000. Under *Morgan,* Plaintiff states a valid Title VII claim so long as Plaintiff can identify a discrete event contributing to this hostile work environment occurring less than 300 days prior to the March 15, 2002 filing of Plaintiff's EEOC Charge. *Morgan,* 122 S.Ct. at 2074. Accepting as true all factual allegations in Plaintiff's complaint, and drawing all inferences in her favor, it is therefore plausible that a discrete act contributing to the hostile work environment occurred from mid-May 2001 through December 19, 2001, well-within the 300 day window. *See Conley,* 355 U.S. at 45–46 ("a complaint should not be dismissed ... unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

Moreover, *Morgan* makes clear that Plaintiff's claims pertaining to the hostile work environment from December 1996 through July 1998 are also timely even though a hostile work environment was not alleged from July 1998 to January 5, 2000. In *Morgan,* the Court stated:

> Acts contribute to a hostile environment on days 1–100 and on day 401, but there are no acts between days 101–400. Can the act occurring on day 401 pull the other acts in for the purposes of liability[ ].... [I]t does not matter whether nothing occurred within the intervening 301 days so long as each act is part of the whole.

*Morgan,* 122 S.Ct. at 2075. As a result, Plaintiff's Title VII claim sufficiently pleads allegations of a hostile work environment occurring both from December 1996–July 1998 and from January 5, 2000–December 19, 2001.

## IV. *Conclusions*

For the above-stated reasons, Defendant's motion to dismiss Plaintiff's complaint is **DENIED**.